### MALONE et ux. v. VIEILLE.
#### No. 1715.

Court of Appeal of Louisiana. First Circuit.

June 9, 1937.

A. Sidney Burns, of Lake. Charles, for appellants.

Plauche & Stockwell, of Lake Charles, for appellee.

OTT, Judge.

Plaintiffs, Leonard Malone and his wife, Louise Simon· Malone, alleged that a few days prior to June 1, 1935, the defendant employed them to work in a hotel or boarding house at Holly Beach in Cameron parish, the consideration for the services being fixed at $60 per month and, in addition thereto, the defendant was to furnish plaintiffs board and lodging; that they entered upon said services on June 1, 1935, and worked in said boarding house for three months, doing such work as they were called on to do by the defendant; that after working in said boarding house for about three months, the defendant opened a store, saloon, and filling station at Holly Beach, and they continued to work for the defendant in said store, saloon, and filling station until February 9, 1936, a period of eight months and nine days in all, during which time defendant paid them in cash and merchandise the sum of $30.52. This suit is to recover for the eight months and nine days' service at $60 per month, a total of $498, less the payments of $30.52, or a balance of $467.48.

The defendant filed an answer in his own proper person in which he alleged that both plaintiffs were out of work and on the mercy of the world; that plaintiffs asked him to let them come and live with him and give them whatever he could; that he knew the wife, Mrs. Malone, and had seen her raised and looked upon her as his grandchild; that he took care of both plaintiffs and furnished them with clothes, money, and other things more than the value of their services, and he denies that he ever agreed to pay them $60 per month. He further alleges that while plaintiffs were staying at his home, the husband was at liberty to work out and make some extra money, and that he did work on the highways for more than a month at wages approximately $2.50 per day.

The trial court rendered judgment in favor of the defendant. Plaintiffs have appealed from this judgment rejecting their demands.

Only a question of fact is involved in this case, and that is whether or not the defendant agreed to pay plaintiffs $60 per month for their services. We deem it necessary to give only a few of the principal facts in our analysis of the testimony.

Both plaintiffs testify that in the latter part of May, 1935, the defendant came to the home of Mrs. Malone's father and asked them to come and stay with him and help in the hotel and boarding house at Holly Beach, and that defendant then agreed to pay them $60 per month, and also furnish them·their board, lodging, and clothes; that they went with defendant to Holly Beach and worked in the hotel, doing various kinds of work, Mrs. Malone in cooking, cleaning up, waiting on the table, and similar work around the boarding house, and the husband in catching seafood for the hotel and in doing other jobs in connection with running the hotel and in taking care of defendant who ·was physically unable to do any work. They further testified that after working some three months in the hotel, defendant ceased operating the hotel and purchased a small store, saloon, and filling station in which plaintiffs worked, selling groceries, drinks, and running the filling station, and also in keeping house for and taking care of the defendant until February 9, 1936, when they left on account of the illness of Mrs. Malone. They say that the defendant put them off from time to time, and always claimed that business was bad and he would pay them later.

The defendant's version of the terms of the employment is quite different. He says that he received several letters from Mrs. Malone begging him to let her and her husband come and stay with him; that they were in need of help as she was making only $1.50 per week and could not live on that small amount; that after he got the hotel he asked her and her husband to come and help him run the hotel and he would give them their board, lodging, and clothes and during the time the husband could pick up some outside job and make a little extra money. He further states that Malone did work out for a month or more during the time that plaintiffs stayed with him; that the first time he heard that they wanted any money was when the suit was filed some time after they had left his place on account of the

illness of Mrs. Malone and after they had asked to come back and live with him, which request he had refused because he did not have sufficient work for them.

Plaintiffs depend on the testimony of Mr. Roux, who accompanied defendant to the home of Mrs. Malone's father, and the testimony of Mrs. Malone's father, who were present when the alleged verbal agreement was reached. Mr. Roux says he was in the room where the parties were talking about the employment and that he heard them say something about $1 a day, but he did not hear the final agreement nor could he say what proposition defendant made to plaintiffs. This witness was in the same room with the parties, but he was playing the victrola and paid no special attention to the conversation between the parties relative to the terms of the agreement.

Mrs. Malone's father testified that defendant came to his home and offered to hire his daughter and her husband to come down and work in the hotel; that he heard defendant say that he was going to pay them $1 a day, and witness thought it was $1 a day for each. It is evident from all of the testimony of this witness that he inferred that defendant was to give plaintiffs $60 per month from the fact that he heard defendant say something about $1 a day.

In order to render the alleged agreement on which plaintiffs rely more probable, they show by another witness who ran the same hotel that he had paid for help as much as $1 to $1.25 per day and board and lodging during the summer months. This witness and other witnesses show that help of this kind in that section ranges from $4 to $5 per week, including board.

Against this testimony favorable to plaintiffs there are several facts and circumstances which tend to support the position of the defendant. In the first place, there can be no doubt but that at the time of the employment, plaintiffs were in destitute circumstances. Mrs. Malone admits this and also admits that she was then making only $1.50 per week and board. She further admits that prior to working in the hotel she and her husband had agreed to move on a small farm belonging to defendant and work there for their board and lodging

and what they could make out of the farm. She also admits that after they had agreed to move on the farm with defendant whom she looked upon as a grandfather, she wrote him asking that she and her husband might come and live with him.

In the second place, it is hardly probable that defendant would agree to furnish board, lodging, and clothes to this couple and in addition pay them $60 per month for helping around this small hotel or boarding house, the income from which was very small. Particularly is this true when it is considered that he looked upon Mrs. Malone as a member of his own family and let her and her husband have a small amount of money from time to time, furnished them clothes, let them use his car, and otherwise seems to have treated them as members of his family. The store, saloon, and filling station was very small with a stock of goods not over $300 and it is not reasonable to assume that defendant would agree to pay this couple $60 per month and feed, lodge, and clothe them for helping run this small business and helping with the housework for the three of them.

It is also shown that Mr. Malone did outside work while staying with defendant and collected and retained the amount receive for his labor. Furthermore, it is shown by a witness for defendant that while Malone was helping at the hotel, he asked the witness for a job, stating that he was not then making anything, or that he was making very little.

It is also significant that plaintiffs worked for over eight months during which time they received very little money from the defendant. It hardly seems reasonable that they would have continued to work for this length of time for practically no pay if they were to get $60 per month, and, after leaving, offer to come back and continue the work.

■ The trial judge was in a much better position to appraise the testimony of the witnesses than we are. His findings of fact should not be disturbed unless clearly and manifestly erroneous. We are certainly not able to point out any manifest errors in his findings.

For the reasons assigned, the judgment is affirmed.